UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DAVID CHAMBERLAIN,
           -Plaintiff


        -v-                               CIVIL 3:06CV01437 (CFD)

FARMINGTON SAVINGS BANK,
           -Defendant


**RULING ON PLAINTIFF'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER**

    Plaintiff, David Chamberlain, moves to quash the subpoenas duces tecum served upon his former employers by the defendant, Farmington Savings Bank, and for a protective order pursuant to Federal Rules of Civil Procedure 45 and 26 (c).  (Dkts. ## 26, 27).  For the reasons stated herein, the plaintiff's motions are **GRANTED**.

I.  BACKGROUND

    This case arises out of the plaintiff's claim that he was discriminated against and subsequently terminated by the defendant because of his age and disability and in retaliation for his exercise of rights under the Family Medical Leave Act, 29 U.S.C. §§ 2612 et seq.  (Complaint ¶ 40).  The defendant maintains that it terminated the plaintiff for poor performance.

1

(D's Mem. Opp. at 2).

On July 27, 2007, the defendant issued notices of intent to serve subpoenas duces tecum to the plaintiff's former employers, New Alliance Bank and Citizen's Bank, seeking the plaintiff's prior employment records.  (Dkts. ## 26, 27; Exh. A).  Specifically, the defendant requested "[a]ny and all records relating to [the plaintiff], . . . including but not limited to his:  personnel file; any investigative file relating to complaints he lodged or complaints lodged about him; resume; background check documents; and notes from any interviews with or investigations relating to [the plaintiff]."  (Id., Exh. A at 5).  The plaintiff has moved to quash the subpoenas and for a protective order on the grounds that the defendant's requests are overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and will subject the plaintiff to an unwarranted intrusion, annoyance, embarrassment and oppression.  (P.'s Mem. at 1).  In opposition, the defendant claims that the plaintiff's prior employment records are discoverable because they may contain information relevant to: (1) its after-acquired evidence defense; (2) the plaintiff's credibility as a witness; and (3) its defense that it terminated the plaintiff for performance reasons.  (D.'s Mem. Opp. at 5).

**II.  DISCUSSION**

**A.  Plaintiff's Standing to Move to Quash the Subpoenas**

As an initial matter, the court must consider whether the plaintiff has standing to move to quash the subpoenas served on his former employers.  Ordinarily, a party does not have standing to quash a subpoena served on a third party, unless the party has a personal right or privilege with respect to the requested documents.  See, e.g., Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993); see also 9A, Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2459, at 41 (2d ed. 1995).  The plaintiff clearly has a personal right with respect to the information contained in his employment records. Additionally, the court notes that the plaintiff has standing to challenge the subpoenas on the basis of his having moved for a protective order pursuant to Rule 26.  It is well-settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26.  See Fed. R. Civ. P. 45 Advisory Committee Notes to 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"); see also 9A Wright & Miller § 2459, at 42 (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rules 26 (b) and 34).  The court, therefore, will consider the pending motions in view of the standards set forth in Rule 26.

3

**B.  Standard of Review**

Pursuant to Rule 26 (b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26 (b) (1). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  The term "relevant" should be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

Despite the broad scope of discovery, there are certain limitations.  For instance, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Fed. R. Civ. P. 26 (b) (1).  Oppenheimer Fund, Inc., 437 U.S. at 351-52.  The Federal Rules afford courts wide discretion in resolving discovery disputes, which should be exercised by "determining the relevance of discovery requests, assessing their oppressiveness, and weighing these factors in deciding whether discovery should be compelled."  Yancey v. Hooten, 180 F.R.D. 203, 207 (D. Conn. 1998).  The party resisting discovery

bears the burden of showing why discovery should be denied. Blakenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

**1. After-Acquired Evidence**

The defendant claims that the plaintiff's prior employment records may contain information relevant to an after-acquired evidence defense and are, therefore, discoverable. (D's Mem. Opp. at 5-6). Specifically, the defendant asserts that the plaintiff's records may contain evidence that the plaintiff misrepresented information on his employment application or during the course of his employment with the defendant concerning his previous employment and performance history, which would limit his claim for relief pursuant to this defense. (Id.). The plaintiff maintains that discovery for the purpose of uncovering evidence from which to establish an after-acquired evidence defense is improper and would subject the plaintiff to unnecessary embarrassment, annoyance and oppression. (P's Mem. at 4-6).

The after-acquired evidence defense, recognized by the Supreme Court in McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 115 S. Ct. 879 (1995), provides that an employee's relief can be limited by evidence of wrong-doing discovered after his or her termination that would have provided a legitimate basis for such termination. Id. at 362. While recognizing this defense, the Court also cautioned against the potential for abuse of the discovery process by employers seeking to limit their liability

through an after-acquired evidence defense, noting the ability of courts to curb such abuses through the Federal Rules of Civil Procedure.  <u>Id.</u> at 363.  The Court stated: "The concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one, but we think the authority of the courts . . . to invoke the appropriate provisions of the Federal Rules of Civil Procedure will deter most abuses." <u>Id.</u>  Several lower courts have relied on <u>McKennon</u> in holding that the after-acquired evidence defense cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed.  <u>See, e.g.</u>, <u>Rivera v. Nibco, Inc.</u>, 364 F.3d 1057, 1071-72 (9th Cir. 2004); <u>Maxwell v. Health Ctr. of Lake City Inc.</u>, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020 at *5 (M.D. Fla. June 6, 2006); <u>Premer v. Corestaff Servs., L.P.</u>, 232 F.R.D. 692 (M.D. Fla. 2005).

Here, the defendant has not presented any evidence to suggest that the plaintiff may have misrepresented information to the defendant, which would have provided legitimate grounds for his termination.  For example, the defendant has not pointed to any statements made by the plaintiff during his deposition or in response to interrogatories indicating that he may not have fully disclosed information to the defendant regarding his prior employment.  <u>See</u> <u>Premer</u>, 232 F.R.D. at 693 (limited production from

6

former employers appropriate to support after-acquired evidence defense in view of discrepancy between plaintiff's interrogatory responses and employment application); Graham v. Casey's General Stores, 206 F.R.D. 251, 255-56 (S.D. Ind. 2002) (certain prior employment records discoverable in view of concession made by plaintiff as to prior criminal conviction in order to determine whether plaintiff was truthful about events surrounding the termination of her previous employment).  Rather, the defendant seeks discovery of the plaintiff's records in order to search for information from which to establish such a defense.  The court finds that the defendant cannot use the after-acquired evidence defense to conduct extensive discovery into the plaintiff's prior employment records on the basis of pure speculation.  Under such circumstances, production of the plaintiff's records would constitute an unwarranted intrusion.

**2.  Credibility**

The defendant also claims that information contained in the plaintiff's prior employment records is relevant to his credibility as a witness.  The defendant maintains that the records are discoverable in order to determine whether the plaintiff has been truthful about his performance history and his reasons for leaving his former positions.  (D's Mem. Opp. at 5).  As above, the defendant has not alleged any reason to believe that the plaintiff has misrepresented information during the course of this litigation

7

with regard to his previous employment to substantiate such a broad search of his employment records on this ground.

### 3. Performance History

Finally, the defendant claims that information as to the plaintiff's performance history is relevant to its defense that it terminated the plaintiff because of poor performance. (D's Mem. Opp. at 7). The defendant asserts that the plaintiff's records may reveal that he did not have the ability to perform similar duties in his former employment. (Id. at 8).

The defendant's argument is unavailing. The court finds that evidence of the plaintiff's performance history is neither relevant nor admissible for the purpose of showing that the plaintiff performed poorly in his position with the defendant. First, the plaintiff's performance history is not relevant to the issues involved in the current case; rather, at issue is the plaintiff's performance in his position with the defendant. Second, the defendant's request for production of documents relating to the plaintiff's performance history is not reasonably calculated to lead to the discovery of admissible evidence. The defendant seeks to discover evidence of the plaintiff's performance history in order to show that he has a propensity for certain performance deficiencies. Such evidence is inadmissible under Federal Rule of Evidence 404 (a), which provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose

of proving action in conformity therewith . . . ."  Fed. R. Evid. 404 (a); see also, e.g., Zubulake v. UBS Wharburg LLC, 382 F. Supp. 2d 536, 540-41 (S.D.N.Y. 2005).  The plaintiff's performance history, therefore, does not provide a basis for the discovery sought here.

**III.  CONCLUSION**

The court finds that the defendant's discovery requests are overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and would subject the plaintiff to unwarranted intrusion.  For the foregoing reasons, the plaintiff's motions to quash and for protective orders, (Dkts. ## 26, 27), are **GRANTED**.  This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. 636 (b) (1) (A); Fed. R. Civ. P. 6 (a), (e) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636 (b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

   **Dated at Hartford, Connecticut this 25th day of September, 2007.**

                                        /s/
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**