UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**DAVID CHAMBERLAIN,**
       -Plaintiff

       -v-                                 **CIVIL 3:06CV01437 (CFD)**

**FARMINGTON SAVINGS BANK,**
       -Defendant

## RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff David Chamberlain initiated this action against defendant Farmington Savings Bank alleging that he was discriminated against and subsequently terminated in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2612 et seq., and the Connecticut Fair Employment Practices Act (CFEPA), C.G.S. §§ 46a-60(a) et seq. Pending before the court is the defendant's motion brought pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order in response to the plaintiff's Rule 30(b)(6) notice of deposition dated September 10, 2007. (Dkt. #35). For the reasons stated below, the defendant's motion is **DENIED**.

1

## I. Relevant Facts

The relevant facts, as alleged in the amended complaint, are as follows. The plaintiff was hired by the defendant as Vice President of Retail Banking in February, 2000. (Amended Compl. ¶ 12). He received positive performance evaluations for the years 2000, 2001 and 2002. (Id. ¶ 15). In 2003, he was informed of the possibility of a promotion. (Id. ¶ 17). In June, 2003, he suffered a heart condition and took family medical leave. (Id. ¶ 19). After the plaintiff's return to work, he received less favorable treatment and in February, 2004 he was given a negative performance evaluation. (Id. ¶¶ 21, 31). The plaintiff was terminated from his position in October, 2004. (Id. ¶ 37).

The current discovery dispute centers on the plaintiff's requests for testimony and documents pertaining to the defendant's treatment of other management level employees. At issue are requests for testimony numbers 13 and 14 in the plaintiff's Rule 30(b)(6) deposition notice and related requests for production. (Dkt. #36, Def's Mem. in Supp. at 3; Exh. A. at 19-20; Dkt. #43, Pl's Mem. in Opp'n at 2). As a result of the parties' attempts to resolve their disputes, the plaintiff agreed to narrow request number 13 and also proposed a protective order to ensure the confidentiality of any information received. (See Pl's Mem. in Opp'n., Exh. B ¶¶ 21, 23). The parties, however, were unable to resolve their disagreements and on October 5, 2007, the defendant

2

filed its motion for a protective order to preclude the deposition testimony of a Rule 30(b)(6) witness with respect to requests for testimony numbers 13 and 14. The plaintiff opposes the motion and also seeks the production of related documents. The court will consider requests for testimony numbers 13 and 14 and corresponding document requests in turn.

**II. Discussion**

**A. Standard for Granting a Motion for Protective Order**

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26(b)(1) has been construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Altantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion

3

of the district court . . . ."). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). The party resisting discovery bears the burden of showing why discovery should be denied. Blakenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

B. **Request Number 13**

Request number 13, as subsequently limited by the plaintiff, seeks testimony from a corporate representative as to information available to the defendant with respect to:

> Each management employee who was disciplined, terminated or allowed to resign in lieu of termination by Bryan Bowerman or the defendant's Board of Directors for the five years prior to the plaintiff's termination, the level of discipline, the person making the decision, the reason for the discharge or discipline, the age and disability status of each employee discharged or disciplined, and whether each such employee had exercised rights protected under the FMLA, and/or any documents which relate to the answer and/or to the discipline/discharge. (Pl's Mem. in Opp.'n at 16).

The defendant argues that the plaintiff's request for testimony should be denied because it seeks confidential information not relevant to the current litigation insofar as the request is not limited to individuals similarly situated to the plaintiff or to the plaintiff's period of employment and because the referenced employment decisions did not result in complaints of discrimination

4

or retaliation. (See Def's Mem. in Supp. at 3, 8; Def's Reply at 8).

The information requested as to the discipline, termination or resignation in lieu of termination of other management level employees during the five years preceding the plaintiff's termination is relevant to the plaintiff's discrimination claim. See e.g., Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D. Conn. 2004) (citations omitted) ("Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case, and is therefore discoverable pursuant to Fed. R. Civ. P. 26 (b) (1))." The requested discovery may provide evidence to support an inference that the defendant acted with a discriminatory and retaliatory motive in terminating the plaintiff and that its stated reasons for the plaintiff's termination are pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) (as applied to claims under ADEA, the FMLA and the CFEPA).[1] Such an inference of discrimination may be raised regardless of whether the defendant's employment decisions resulted in complaints of discrimination and/or retaliation. See Taggert v. Time Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("inference of discrimination may be shown by direct evidence,

---

[1] For the application of the burden-shifting framework articulated in McDonnell Douglas to claims involving the ADEA, the FMLA and the CFEPA, see e.g., Worster v. Carlson Wagon Lit Travel, Inc., 353 F. Supp. 2d 257, 270 (D. Conn. 2005); Rogers v. First Union Nat. Bank, 259 F. Supp. 2d 200, 204 (D. Conn. 2003).

statistical evidence, or circumstantial evidence . . . .").

The defendant contends that it has already provided the plaintiff with lists of managerial employees who were promoted, hired and terminated as well as those who took FMLA leaves between October, 2001 and October, 2004. (Def.'s Mem. in Supp. at 7-8; Def's Reply at 7, FN 8). This does not satisfy the plaintiff's request, however, as the defendant has not provided information as to its decisions going back to 1999, just prior to the plaintiff's date of hire, or those decisions involving resignation in lieu of termination nor has it provided any information as to the circumstances surrounding its employment decisions. Such comparative information is necessary for the plaintiff to develop his case, particularly with respect to demonstrating a pattern and practice of discrimination and the pretextual nature of the defendant's conduct. See Culkin, 225 F.R.D. at 72; Flanagan v. Travelers Ins. Co., 111 F.R.D. 42, 47 (W.D.N.Y. 1986). The plaintiff's request is appropriately limited to obtaining information pertaining to management level employees and the practices at issue in this litigation, i.e. employee discipline and termination. Recognizing the privacy rights involved, the court concludes that the information requested here, which is both relevant and necessary to the plaintiff's case, is discoverable. See e.g., Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 169 (D. Conn. 2005) (granting motion to compel production of

personnel files of employees upon finding documents relevant).

**C.  Request Number 14**

Request number 14 seeks testimony from a corporate representative as to information available to the defendant with respect to:

> The evaluations, medical and disciplinary history of Diane Therrien, David Galusha, Bob Grubbs, Bob Dutton and Dave Doreau, including any agreement between the employee and the Defendant.  (Pl's Mem. in Opp.'n at 22).

The plaintiff has also requested any documents containing such information.  (See Def's Mem. in Supp., Exh. A. at 19).

The defendant again asserts the employees' privacy rights and argues that the information sought is not relevant because the individuals identified are not similarly situated to the plaintiff. Specifically, the defendant contends that not all of the individuals named were terminated, as some resigned voluntarily, nor were the reasons underlying the decisions to terminate the remaining individuals similar to those involved in the plaintiff's termination.  (See Def's Mem. in Supp. at 9-14; Def's Reply at 10-12).  The defendant further represents that, to the best of its knowledge, "none of [the named] individuals raised complaints of discrimination during their employment, none of them exercised rights under the FMLA and none of them had a disability known to [it]."  (Def's Mem. in Supp. at 9).

The court finds that the individuals identified are similarly situated to the plaintiff in all material respects and that the

information requested is relevant to the plaintiff's discrimination claim. All of the named individuals were employed as vice presidents during the plaintiff's period of employment and were accountable to the same senior officers. (See Pl's Mem. in Opp'n at 6-11; Def's Mem. in Supp. at 11-14; Def's Reply at 11-12). Four of the named individuals who were terminated or resigned are, upon the plaintiff's information and belief, in the same protected class with respect to age and/or disability and the exercise of FMLA rights. (See Pl's Mem. in Opp'n. at 6-10). Information as to the employment and medical history of these employees may well be relevant to establishing a pattern and practice of discrimination and retaliation in support of the plaintiff's disparate treatment claim. With respect to the fifth individual, Diane Therrien, the plaintiff represents that she is not in the plaintiff's protected classes and that initial discovery suggests that she may have received more favorable treatment than the plaintiff. (Pl's Mem. in Opp'n at 10-11). Information contained in her employment and medical history may therefore be relevant to showing that the plaintiff was treated less favorably than a similarly situated individual outside of his protected classes, thereby raising an inference that he was subjected to disparate treatment. See e.g., Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000).

The defendant contends that the plaintiff has already conducted limited discovery into the employment and medical histories of these

individuals. (Def's Mem. in Supp. at 10). Nevertheless, given the importance of the information sought to the development of the plaintiff's case, the plaintiff is entitled to obtain the defendant's position with respect to the employment decisions involving the individuals named through a Rule 30(b)(6) deposition. The plaintiff is not, as the defendant suggests, attempting to engage in a "fishing expedition" in order to uncover evidence from which to establish his claims. (Def's Mem. in Supp. at 10; Def's Reply at 4-5). Rather, the plaintiff has provided bases for his proposed discovery that may support his claims. The court is aware of the sensitive nature of the medical and personnel information requested and the attendant privacy rights, but concludes that the information, being relevant to the plaintiff's claims, is discoverable. See e.g., Ruran, 226 F.R.D. at 169.

### III. Conclusion

In balancing the need for and costs of the requested discovery, the court is mindful that "[a] plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim." Flanagan, 111 F.R.D. at 47 (citations omitted). For the foregoing reasons, the defendant's motion for a protective order (Dkt. #35) to limit the deposition of a Rule 30(b)(6) witness is **DENIED**. Any documents corresponding to the requested testimony shall also be produced. In order to protect the

9

privacy interests involved, the court incorporates some of the conditions of the proposed protective order as follows. All records and information shall be kept confidential and all documents produced shall be destroyed upon the close of litigation. In addition, the plaintiff shall review all medical records at defense counsel's office and copy only those documents referencing an exercise of FMLA rights or a medical condition considered a disability under the CFEPA.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636 (b) (1) (A); Fed. R. Civ. P. 6 (a), (e) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636 (b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 30th day of November, 2007.**

>/s/ Thomas P. Smith
>**Thomas P. Smith**
>**United States Magistrate Judge**